AO 245B    (Rev 06/05) (Rev DC 12/15/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>BRANDON LAUREYS | JUDGMENT IN A CRIMINAL CASE **FILED**<br><br>**MAY 29 2010**<br>Case Number:   09-cr-106-JR<br>USM Number:<br>**Clerk, U.S. District & Bankruptcy Courts for the District of Columbia**<br><br>Cary Clennon<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 05 USC 2422(b) | Attempted Coercion and Enticement of a Minor | On or about November 14, 2008 | 1ss |
| 18 USC 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct. | On or about November 14, 2008 | 2ss |

   The defendant is sentenced as provided in pages 2 through ___12___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 27, 2010
Date of Imposition of Judgment

*/s/ James Robertson*
Signature of Judge

James Robertson                     U.S. District Judge
Name of Judge                       Title of Judge

5/29/10
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
        Sheet 1A

Judgment—Page  2  of  12

DEFENDANT: BRANDON LAUREYS
CASE NUMBER: 09-cr-106-JR

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2260A | Penalties for Registered Sex Offenders. | On or about November 14, 2008 | 3ss |

AO 245B    (Rev 06/05) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page __3__ of __12__

DEFENDANT: BRANDON LAUREYS
CASE NUMBER: 09-cr-106-JR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 1ss; Defendant sentenced to One Hundred Twenty (120) Months to run concurrently with 2ss and consecutive to 3ss.
Count 2ss - Defendant sentenced to Sixty (60) Months to run concurrently with Count 1ss and consecutive to Count 3ss.
Count 3ss - Defendant sentenced to One Hundred Twenty (12) Months to run consecutive to Counts 1ss and 2ss.

☐ The court makes the following recommendations to the Bureau of Prisons:


☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page **4** of **12**

DEFENDANT: BRANDON LAUREYS
CASE NUMBER: 09-cr-106-JR

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Ten (10) years on Counts 1ss and 2ss to run concurrently with Count 3ss
Three (3) years on Count 3ss to run concurrently with Counts 1ss and 2ss.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: BRANDON LAUREYS
CASE NUMBER: 09-cr-106-JR

Judgment—Page 5 of 12

## SPECIAL CONDITIONS OF SUPERVISION

Within Thirty (30) days of any change of address (mailing or residence), the defendant shall notify the Clerk of Court for the U S. District Court for the District of Columbia of the change until such time as the financial obligation is paid in full.

Pursuant to 42 USC 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information at the direction of the Bureau of Prisons or the United States Probation Office.

Within 72 hours of release from custody, the defendant is to report in person to the Probation Office in the district in which released.

While on supervision, the defendant shall not possess, have under his/her control, or have access to any firearm, explosive device or other dangerous weapons. The defendant shall not use or possess an illegal controlled substance, and the defendant shall not commit another federal, state, or local crime. The defendant shall abide by the general conditions of supervision adopted by the U.S. Probation Office.

The defendant shall cooperatively participate in a mental health program specifically related to sexual offender therapy, as approved by the Probation Office, and abide by all program rules, requirements and conditions, which may include, but is not limited to, submission to periodic and random polygraph testing, plethysmograph examinations, and ABEL Assessment

The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

The Probation Office shall release the Presentence investigation report to all appropriate agencies in order to execute the sentence of the Court as disclosure to the treatment agencies. These agencies shall return the presentence investigation report upon completion and termination of the treatment involved.

The defendant shall submit to periodic unannounced examinations of his/her computer, and any computer accessed by him//her by the Probation Office.

Without prior approval of the Probation Office, the defendant shall not possess, or use, any data encryption technique or program and shall refrain from accessing, via computer, any pornographic images. The defendant shall maintain a daily log of all Internet addresses accessed by way of a computer, other than those authorized for employment, and shall make the log available to the Probation Office for review; and shall not possess or use a computer that has access to any "on-line computer service" at any location, including his place of employment, without the prior approval of the Probation Office. "On-line computer service" includes, but is not limited to, any internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall not associate or reside with any known sex offender.

AO 245B      (Rev 06/05) Judgment in a Criminal Case
             Sheet 4B — Probation

DEFENDANT:  BRANDON LAUREYS
CASE NUMBER:  09-cr-106-JR

Judgment—Page  6  of  12

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall consent to third party disclosure to any employee, or to any future employer prior to accepting any employment offer, concerning any computer related restrictions that are imposed. The defendant shall not be employed in any capacity or participate in any volunteer activity that involves contact with minors except under circumstances approved in advance by the Probation Office.

Without the prior approval of the Probation Office, the defendant shall not possess any pornographic, or sexually oriented materials, including visual, auditory, telephonic, or electronic media, and/or computer programs or services that are relevant to his/her offense conduct or behavioral pattern relating to child pornography and he/she shall not patronize any place where pornography or erotica can be accessed or is expressly offered, obtained or viewed, including establishments where sexual entertainment is available (i.e. adult bookstores, peep shows, or adult entertainment establishments).

The defendant shall not possess, or use, a computer with access to any "on-line computer service" at any location, which includes his/her place of employment, without the prior written approval of the Probation Office. "On-line computer service" includes, but is not limited to, any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall have no direct, or indirect, contact with children, age 18 or younger, and shall refrain from loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools without the approval of the Probation Office; and he/she shall not reside with a child or children under the age of 18 without the expressed and written approval of the minor's legal guardian and the written or oral permission of the Probation Office.

The defendant shall comply with the Sex Offender Registration requirements for convicted sex offenders in any state/jurisdiction where he/she resides, is employed, carries on a vocation, or is a student.

Without prior approval of the Probation Office, the defendant shall not utilize "900" adult telephone numbers or any other sexually related telephone numbers and shall confirm compliance through the submission of personal/business telephone records.

The defendant may not own or possess any type of camera or video recording device without the approval of the Probation Office (which does not refer to a DVD or VCR player).

DEFENDANT: BRANDON LAUREYS
CASE NUMBER: 09-cr-106-JR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __12__

DEFENDANT: BRANDON LAUREYS
CASE NUMBER: 09-cr-106-JR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑  Lump sum payment of $ __300.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

       While incarcerated, the defendant may make payment of the special assessment through the U.S. Bureau of
       Prisons Inmate Financial Responsibility Program.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
   and corresponding payee, if appropriate.




☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.